CITIZENS UTILITIES COMPANY OF ILLINOIS, Petitioner-Appellant, v. THE POLLUTION CONTROL BOARD *et al.*, Respondents-Appellees (The Village of Bolingbrook, Intervenor).

Third District   No. 3—86—0286

Opinion filed February 5, 1987.

Daniel J. Kucera, of Chapman & Cutler, of Chicago, for petitioner.

Neil F. Hartigan, Attorney General, of Springfield (Alvin Liebling, Special Assistant Attorney General, of Chicago, of counsel), for respondent.

George A. Marchetti, of Moss & Bloomberg, Ltd., of Bolingbrook, for intervenor.

JUSTICE STOUDER delivered the opinion of the court:

Petitioner, Citizens Utilities Company of Illinois (Citizens), appeals from a ruling by the Illinois Pollution Control Board (Board) denying an extension of the previously granted variance from complying with "general use" standards governing waste-water treatment plants. The Illinois Environmental Protection Agency (IEPA) joined the Board in this appeal as a party-respondent. Because the underlying facts are not disputed, we will present only a short procedural history.

In 1981, the Board granted Citizen's a variance in PCB 78—313. The variance was granted in order that Citizens could seek certain site-specific rule changes in the standards which govern the discharge from waste-water treatment plants. The variance expired on July 2, 1985. Once the variance was granted, environmental studies were conducted to determine whether less stringent standards would be permissible and the results presented to the Board in a hearing held on the petition. At the conclusion of the May 5, 1983, hearing on the rule changes, the Board dismissed the petition for want of proof. This

determination was appealed to this court in *Citizens Utilities Co. v. Pollution Control Board* (1985), 134 Ill. App. 3d 111, 479 N.E.2d 1213 (*Citizens I*). After docketing that appeal, Citizens discovered that the IEPA had commenced a study with the purpose of developing "site-specific" standards for discharges into waterways.

Believing that less stringent standards would ultimately replace the current standards, Citizens filed another petition with the Board for an extension of that variance. On April 19, 1984, the Board denied the extension. Citizens also sought review of that ruling which was consolidated in the above case before this court. Our holding, in that case, was to affirm the decision of the Board denying the extension of the variance and to remand the "new standards" issue for further proceedings. That opinion was filed June 17, 1985, two weeks prior to the expiration of the initial variance.

Citizens filed the petition which is the subject of this appeal seeking an extension of the variance until the IEPA had completed its study and determined whether relaxed standards would be justified. At that hearing, Citizens presented evidence that the economic impact would be substantial, involving an expenditure of $4.15 million to bring the waste-water treatment plant up to the more stringent, current standards. IEPA presented no witnesses. On April 10, 1986, the Board entered its decision denying the extension, and Citizens brings this appeal.

In *Citizens I*, we remanded the variance hearing in order that the record be made complete by the addition of some evidence that the Board addressed the issue of the economic impact of the proposed regulatory change. (*Citizens Utilities Co. v. Pollution Control Board* (1985), 134 Ill. App. 3d 111, 116, 479 N.E.2d 1213, 1217.) Citizens contends that its estimates of the economic impact were not considered and that by presenting the estimates at the hearing, they substantiated their claim that the variance should be extended until the determination by the Board as to the feasibility of the new standards. The Board contends that this appeal is a direct attack on our opinion in *Citizens I* and that the speculative nature of the proposed changes renders this appeal premature. The Board states that only when such a regulatory change is made can it be a predicate for a variance under the statute and that until such time this action has not ripened to a point of certainty or justiciability before this court.

Initially, we must address the Board's reliance on two United States Supreme Court cases (*Socialist Labor Party v. Gilligan* (1972), 406 U.S. 583, 32 L. Ed. 2d 317, 92 S. Ct. 1716; *Thorpe v. Housing Authority* (1969), 393 U.S. 268, 21 L. Ed. 2d 474, 89 S. Ct. 518) to

support this proposition. Although the rule of law is correctly stated, they are inapplicable here. *Gilligan* dealt with a challenge to the Ohio election code. The plaintiff was unable to show any injury attributed to the affidavit requirement of the code. The court held that at some future time the plaintiff may be able to show some injury because of that requirement, but until such time, an adjudication on the merits would wait. (*Socialist Labor Party v. Gilligan* (1972), 406 U.S. 583, 589, 32 L. Ed. 2d 317, 322, 92 S. Ct. 1716, 1720.) In *Thorpe*, by contrast, the court noted that the plaintiff had suffered an immediate harm after she had been served with an eviction notice pursuant to Housing Authority guidelines. However, until such time as the Housing Authority provided reasons for the eviction and plaintiff decided to contest the Authority's right to have her removed, the court would not decide the hypothetical question presented by the facts of the case. *Thorpe v. Housing Authority* (1969), 393 U.S. 268, 284, 21 L. Ed. 2d 474, 485, 89 S. Ct. 518, 527.

■■ This case presents a different scenario. Citizens has presented authoritative evidence as to the economic impact that making the required changes would have on the community. Unlike the speculative injury in the two cases cited by the Board, the economic injury which Citizens asserts can be determined with a reasonable certainty. Additionally, the hearing to determine such changes is supposedly ongoing at this time. In view of the substantial economic impact which the community would incur, the possibility that the improvements to the waste-water treatment plant would be a needless expenditure justifies the grant of the variance extension.

■■ ■ Although we sit only as a reviewing tribunal, and are limited to determining whether the findings and orders of the administrative body are contrary to the manifest weight of the evidence, we can reverse a decision of the administrative body if we determine that it acted arbitrarily and in clear abuse of its discretion. (*O'Boyle v. Personnel Board* (1983), 119 Ill. App. 3d 648, 456 N.E.2d 998.) In light of the evidence presented at the hearing regarding the economic impact and the hardship that would be incurred by the community caused by increased operating costs, the Board acted arbitrarily and its decision was against the manifest weight of the evidence. We are cognizant of the fact that this litigation is entering its sixth year, but we must also note that the consequences reach beyond the specific interests of the parties involved in this matter. Consequently, an extension of the variance involved is necessitated until such time as either the current, more stringent standards are deemed applicable or until

the results of the present study become final and applicable.

For the foregoing reasons, we vacate the order of the Illinois Pollution Control Board and remand this action with instructions to grant the variance consistent with the views expressed in this opinion.

Vacated and remanded.

SCOTT, P.J., and WOMBACHER, J., concur.