CITIZENS UTILITIES COMPANY OF ILLINOIS, Petitioner-Appellant, v. THE POLLUTION CONTROL BOARD et al., Respondents-Appellees.

Third District    No. 3—90—0585

Opinion filed May 13, 1991.

Chapman & Cutler, of Chicago (Daniel J. Kucera, of counsel), for petitioner.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Elizabeth Wallace and Matthew J. Dunn, Assistant Attorneys General, of Chicago, of counsel), for respondents Pollution Control Board and Environmental Protection Agency.

Barry L. Moss and George A. Marchetti, both of Moss & Bloomberg, Ltd., of Bolingbrook, for respondent Village of Bolingbrook.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Petitioner, Citizens Utilities Company of Illinois (Citizens), appeals from a ruling by the Illinois Pollution Control Board (Board). This is the third appeal of the instant matter. Because the underlying facts are not disputed, we will present only a short procedural history of the instant appeal.

The instant appeal arises out of the Board's failure to comply with our mandate in *Citizens Utilities Co. v. Pollution Control Board* (1987), 152 Ill. App. 3d 122, 504 N.E.2d 224 (*Citizens II*). A thorough summary of the pertinent facts of this case can be found in the first appeal. (*Citizens Utilities Co. v. Pollution Control Board* (1985), 134 Ill. App. 3d 111, 479 N.E.2d 1213 (*Citizens I*).) Also, a synopsis of the procedural history of the instant matter can be found in our *Citizens II* opinion.

Citizens' variance request resulted from our decision in *Citizens I*. In *Citizens I*, we reversed the Board's order which had dismissed Citizens' petition for site-specific water quality and effluent rules for one of Citizens' sewage treatment plants. We held that the Board failed to make the required determination of the costs and benefits of Citizens' proposal as required by section 27(b) of the Illinois Environmental Protection Act. (Ill. Rev. Stat. 1989, ch. 111½, par. 1027(b).) We remanded the case for the required findings.

In 1981, the Board granted Citizens' petition for a variance in PCB 78—313 in order to enable Citizens to prosecute its site-specific rule change proposed in R81—19. That variance was due to expire July 2, 1985, about two weeks after our decision in *Citizens I* , which reversed the Board's order in R81—19.

The purpose of Citizens' petition in the instant case is to extend and modify the variance granted in PCB 78—313 until the site-specific rule change proceeding in R81—19 is resolved and adjudicated. The variance extension would avoid the construction now of $4.15 million of additional facilities which will become unnecessary if the relief sought in R81—19 is granted.

In *Citizens II*, we reversed the Board's denial of the variance, because of the adverse economic impact that would result if Citizens were required to upgrade its wastewater treatment plant before the rule change case, R81—19, is finally adjudicated. We concluded there:

> "In view of the substantial economic impact which the community would incur, the possibility that the improvements to the waste-water treatment plant would be a needless expenditure justifies the grant of the variance extension." (*Citizens*, 152 Ill. App. 3d at 125, 504 N.E.2d at 226.)

Furthermore, our instructions to the Board on remand were clear and unequivocal. We ruled:

> "Consequently, an extension of the variance involved is necessitated until such time as either the current, more stringent standards are deemed applicable or until the results of the present study become final and applicable.

For the foregoing reasons, we vacate the order of the Illinois Pollution Control Board and remand this action with instructions to grant the variance consistent with the views expressed in this opinion." *Citizens*, 152 Ill. App. 3d at 125-26, 504 N.E.2d at 226.

Thereafter, the Board did not file a petition for rehearing with this court and made no rulings on remand for over three years. The Board also held no hearings after *Citizens II*, nor did it request briefs or comments on interpreting our decision before making its ruling on remand. In its August 9, 1990, order, the Board acknowledged that it refused to follow our decision in *Citizens II* and granted only a portion of the relief requested by Citizens.

The Board in the instant matter simply refused to abide by our earlier decision. In its order, the Board commented that "the Board will specify that the variance extension will terminate on either July 2, 1990, or on one of the dates specified by the appellate court, whichever comes first." With this action, the Board essentially made a unilateral modification of our earlier decision.

■ The mandate of a reviewing court is the transmittal of that court's judgment to the trial court, which revests the latter with jurisdiction. (*PSL Realty Co. v. Granite Investment Co.* (1981), 86 Ill. 2d 291, 427 N.E.2d 563.) When a judgment is reversed by a reviewing court, that judgment is final upon all questions decided, and if the cause is remanded, the trial court can take only such action as conforms to the reviewing court's judgment. (*PSL Realty*, 86 Ill. 2d at 305, 427 N.E.2d at 570.) That is, the trial court may only do those things directed in the mandate; it has no authority to act beyond the mandate's dictates. *PSL Realty*, 86 Ill. 2d at 308-09, 427 N.E.2d at 571.

■ On appeal, the Board argues that it properly modified our prior decision. Moreover, the Board admitted in its May 24, 1990, order that it was not willing to grant the variance for the time period specified by this court. We also find it significant and telling that after our decision in *Citizens II* , the Board never asserted that our decision was erroneous, nor did the Board ever petition for rehearing. Rather, the Board in the Environmental Register acknowledged that the case was remanded for the Board to *grant Citizens' variance extension.*

The Board cannot pick and choose what it likes in an opinion. Furthermore, it is perplexing that the Board acted as though it felt empowered to take our earlier opinion in *Citizens II*, refuse to abide by its dictates, and still argue before this very court what we actually

meant. We therefore find the Board's recalcitrant actions to be erroneous and arbitrary.

For these reasons, we vacate the order of the Pollution Control Board and direct it to abide by the dictates of *Citizens II* and grant the requested variance.

Reversed and remanded with directions.

GORMAN and McCUSKEY, JJ., concur.